UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  | Civil Action Number |
|---|---|---|
| VERITECH CORPORATION | ) | |
| Plaintiff | ) | |
| v. | ) | **COMPLAINT** |
| BAYSTATE MEDICAL CENTER, INC. | ) | |
| Defendant | ) | |

## PARTIES

1. Plaintiff, Veritech Corporation is a domestic corporation with a principal place of business at 80 Denslow Road, East Longmeadow, Hampden County, Massachusetts.

2. Defendant, Baystate Medical Center, Inc. is a domestic corporation with a principal place of business at 759 Chestnut Street, Springfield, Hampden County, Massachusetts.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that Plaintiff raises a claim of copyright infringement under the Copyright Act, Title 17, U.S.C. Pursuant to 17 U.S.C. § 301 and 28 U.S.C. §1338(a), the jurisdiction of this Court is exclusive of the courts of the states.

4. This Court also has supplemental jurisdiction over Plaintiff's claims arising under Massachusetts state law pursuant to 28. U.S.C. § 1367.

5. This Court has personal jurisdiction over the Defendant since the Defendant is doing

business in the Commonwealth of Massachusetts and in the course of conducting its business has infringed upon the Plaintiff's copyrights within this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a).

## FACTS

7. Veritech Corporation ("Veritech") develops patient education programs for the medical community.

8. Veritech registered copyrights for twenty-five (25) of its education programs with the United States Copyright Office beginning in March 1987 through June 2001.

9. In November 2001 Veritech Corporation and Baystate Medical Center ("Baystate") entered into a licensing agreement (the "Agreement").

10. Under the Agreement, Veritech was to provide Baystate with educational programing on the topics of Orthopedics and Cardiovascular and Heart Disease.

11. Veritech's registered six different programs with the United States Copyright Office which are a part of its Orthopedics educational programing including: total knee replacement, registration number PAu002593333; total hip replacement, registration number PAu002579104; non-surgical therapy for the spine, registration number PAu002592231; surgical therapy for the spine, registration number PAu002592242; shoulder arthroscopy, registration number PAu002592230; and knee arthroscopy, registration number PAu002575025. All six programs were registered on May 29, 2001.

12. Veritech's Cardiovascular and Heart Disease educational program was registered with the United States Copyright Office on May 29, 2001 with registration number Pau002586624.

13. Baystate, upon entering into the Agreement, intended to display Veritech's educational programs on the Baystate's internal hospital television network.

14. The Agreement states that Baystate will pay Veritech five thousand dollars ($5,000.00) per month as licensing fees for the Orthopedics and Cardiovascular and Heart Disease programs with fifteen thousand dollars ($15,000.00) due upon signing of the Agreement.

15. Instead of making monthly payments for the licensing fees, the Agreement provided Baystate with an alternative option of making an annual payment of fifty thousand dollars ($50,000.00) within thirty days of signing the Agreement.

16. The Agreement allowed for Baystate to license additional educational programs from Veritech for an additional two thousand five hundred dollars ($2,500.00) per month, per additional program.

17. If Baystate elected to make monthly payments under the Agreement, payments to Veritech were due in full by first day of each month. Payments not made timely would have twelve percent (12%) interest added onto the overdue amount pursuant to the Agreement.

18. The Agreement's initial term was for the remainder of Baystate's fiscal year which ended on September 30, 2002. With an annual renewal on October 1st of each year thereafter.

19. The Agreement stated that it could be terminated by Veritech and or/a mutual written agreement of the parties.

20. Under the Agreement, Baystate was responsible to select which of the Veritech programs Baystate wished to be viewed by their patients.

21. Upon termination the Agreement Baystate was to remain liable to Veritech for payments owed, as well as for any costs of collection, including its reasonable attorney's fees that

Veritech incurred.

22. Shortly after the parties executed the Agreement Veritech provided Baystate with its Orthopedics and Cardiovascular & Heart Disease programs and Baystate began paying monthly licensing fees to Veritech in the amount of five thousand dollars ($5,000.00).

23. In or around February 2002 Baystate began paying an additional two thousand five hundred dollars ($2,500.00) in licensing fees for Veritech's Diabetes program.

24. Veritech's Diabetes educational program was registered with the United States Copyright Office on May 29, 2001 with registration number PAu002586596.

25. Although the programs chosen by Baystate change periodically, Baystate continued to pay monthly licensing fees to Veritech in the amount of seven thousand five hundred dollars ($7,500.00) until May 2003.

26. In addition to the three programs named above, Baystate also licensed Veritech's Men's Health and Women's Health educational programs.

27. Veritech's registered three different programs with the United States Copyright Office which are a part of its Men's Health educational programing including: male health, registration number PAu002592240; disorders of the male reproductive tract, registration number PAu002593331; and male sexual dysfunction, registration number PAu002575024. All three programs were registered on May 29, 2001.

28. Veritech's registered five different programs with the United States Copyright Office which are a part of its Women's Health educational programing including: female health, registration number PAu002586602; birth control, registration number PAu002590378; breast health, registration number PAu002590321; pregnancy, registration number PAu002600919; and gynecology, registration number PAu002586594. These programs

4

were registered on May 29, 2001 except for the birth control program which was registered on May 23, 2001 and the pregnancy program which was registered on June 1, 2001.

29. In or around May 2003 Baystate informed Veritech that they no longer intended to use the educational programming on their internal hospital television network and as a result Baystate was terminating the parties' Agreement.

30. Baystate tendered no further licensing fees to Veritech after termination of the parties' agreement.

31. In November 2015 a Veritech employee was a patient at Baystate Medical Center located at 759 Chestnut Street, Springfield, Massachusetts. While staying at Baystate's main facility the Veritech employee observed Veritech's Orthopedics programming being played on Baystate's internal hospital television network.

32. Veritech was unaware, and had no reason to know, that Baystate was infringing upon its copyrighted works until November 2015.

33. Approximately two months later another Veritech employee, who was hospitalized at Baystate Medical Center, also observed Veritech's copyrighted Orthopedics programming being played on the Baystate's internal hospital television network.

34. Baystate was to cease use of all Veritech's copyrighted programs upon termination of the parties' Agreement; however, upon information and belief Baystate has continued to broadcast Veritech's copyrighted programs since Baystate terminated the parties' Agreement in 2003.

## CLAIMS FOR RELIEF

### COUNT I
### Copyright Infringement

35. Plaintiff realleges and incorporates by reference every allegation contained in paragraphs 1-34.

36. Defendant has infringed upon Plaintiff's copyrights in its works by publicly displaying those works without authorization in violation of Sections 106 *et seq.* and Section 501 of the Copyright Act.

37. Each infringement by Baystate of Plaintiff's copyrighted works constitutes a separate and distinct act of infringement.

38. Baystate's acts of infringement are willful, intentional and purposeful, with disregard and indifference to the Plaintiff's rights.

39. As a direct and proximate cause of the Defendant's infringement, the Plaintiff is entitled to damages.

40. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) with respect to each work infringed, or for such other amount as may be proper under 17 U.S.C. § 504.

41. Plaintiff is further entitled to recover its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

42. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Baystate will continue to infringe Veritech's rights in its copyrighted works. Plaintiff is entitled to preliminary and permanent injunctive relief.

## COUNT II
## Breach of Contract

43. Plaintiff realleges and incorporates by reference every allegation contained in paragraphs 1-42.

44. Veritech and Baystate mutually agreed to the terms of the parties' Agreement.

45. The Agreement was a binding and enforceable contract.

46. The Agreement stated obligations for both parties to perform.

47. Veritech performed all of its obligations under the Agreement.

48. Baystate breached the parties' Agreement when it continued to display Veritech's copyrighted programs on Baystate's internal hospital television network after Baystate informed Veritech it was terminating the Agreement.

49. Baystate further breached the parties' Agreement by failing to tender any licensing fee payments to Veritech since May 2003.

50. As a direct a direct and proximate result of the Baystate's breach Veritech has suffered damages.

51. Veritech is entitled to recovery its damages as a result of Baystate breach, plus its reasonable costs and attorney's fees incurred in prosecution of this claim.


## COUNT III
## Unjust Enrichment

52. Plaintiff realleges and incorporates by reference every allegation contained in paragraphs 1-51.

53. Baystate has failed to pay any licensing fees to Veritech since May 2003 for the use and publication of Veritech's copyrighted programs.

54. Since May 2003 Baystate has continued to display Veritech's copyrighted programs on its internal hospital television network.

55. Baystate has been unjustly enriched by its use and broadcasting of Veritech's copyrighted programs without tendering licensing fees to Veritech.

56. As a result of Baystate's unjust enrichment, Veritech has suffered damages.

## COUNT IV
## Intentional Misrepresentation

57. Plaintiff realleges and incorporates by reference every allegation contained in paragraphs 1-57.

58. Baystate made a false statement when it represented to Veritech that they were no longer intending to use Veritech's programming on their internal hospital television network.

59. When Baystate made the statement, Baystate either knew that the statement was false, or recklessly made the statement by willfully disregarding its truth or falsity.

60. Baystate made the false statement with the intention that Veritech would rely on that statement in agreeing to terminate the parties' Agreement.

61. In agreeing to terminate the parties' Agreement Veritech did in fact rely on Baystate's statement as true, and that reliance was reasonable under the circumstances.

62. Veritech has suffered damages as a result of relying on Baystate's false statement.

**WHEREFORE**, Plaintiff requests that this Court:

   a. On Count I, enter a monetary judgment for Plaintiff against the Defendant for the full amount of Plaintiff's damages, together with interest and costs of this action, including reasonable attorney's fees, as a result of the Defendant's copyright

infringement; alternatively, for the maximum statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) with respect to each copyrighted work infringed either directly or indirectly, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504;

b.   On Count I, enter a preliminary and permanent injunction enjoining the Defendant, and all persons acting in concert or participation with the Defendant from directly or indirectly broadcasting, distributing or otherwise infringing in any manner on Veritech's copyrighted works;

c.   On Count II, enter a monetary judgment for Plaintiff against the Defendant for the full amount of Plaintiff's damages, together with interest and costs of this action as a result of the Defendant's breach of contract;

d.   On Count III, enter a monetary judgment for Plaintiff against the Defendant based upon its unjust enrichment;

e.   On Count IV, enter a monetary judgment for Plaintiff against Defendant for Defendant's intentional misrepresentation; and

f.   Grant such other and further relief as this Court deems just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,
Veritech Corporation

By their attorney,

Date: January 18, 2017

_____
Tyson R. Ence (BBO # 670401)
LAW OFFICE OF TYSON R. ENCE
100 Main Street
Agawam, MA 01001
Tel. (413) 730-4455
Fax (888) 730-4456
tyson@attorneyence.com